[848 NYS2d 353]

In the Matter of MICHAEL JAY SMITH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 26, 2007

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was suspended from the practice of law for 60 days and placed on probation for 12 months by the Indiana Supreme Court, effective September 11, 2006, for violating rule 1.5 (c) of the Indiana Rules of Professional Conduct by failing to have a written contingency fee agreement signed by his client, and for violating rule 1.15 (a) for failure to have an identified attorney trust account for his client's funds, commingling his own funds with those of his clients, failing to keep complete records of his trust account funds, and failing to appropriately safeguard his client's money.

The respondent failed to notify this Court of his suspension, in violation of 22 NYCRR 691.3 (e).

By order dated July 24, 2006, the Indiana Supreme Court states that the respondent was hired on a contingency fee basis by an Ohio law firm to collect debts owed by Indiana residents to one of its clients. There was no written contingency fee agreement signed by the client that stated the method by which the fee was to be determined and whether his collection expenses were to be included or excluded from the computation of the contingency fee. The respondent maintained two accounts—one business and one personal—at a local bank, which was not a financial institution approved by the Indiana Disciplinary Commission for attorney trust accounts. The law practice account was not identified as an attorney trust account and was not set up for overdraft and notification requirements. The respondent's business account held his clients' money as well as his own personal deposits. From that account, the respondent paid personal bills not associated with his law practice. He had no identified attorney trust account for clients' funds, and he did not appropriately safeguard his clients' money.

The respondent failed to report and remit his collections from debtors to the Ohio law firm in an adequate or timely manner. When the respondent opened an IOLTA account in another bank after the Commission began its inquiry into his activities, he mismanaged that account in violation of the rules of professional conduct. The respondent also commingled personal funds with clients' funds in that account, failed to keep accurate records of clients' funds, and failed to deposit intact checks from clients into that account.

The Indiana Supreme Court also found that by paying personal expenses from the same account that held his client's

money, and exerting unauthorized control over property belonging to his client, the respondent committed the offense of criminal conversion, in violation of rule 8.4 (b) of the Indiana Rules of Professional Conduct. The respondent failed to promptly deliver moneys he collected on behalf of his client, in violation of rule 1.15 (d), and failed to deposit intact checks received from clients into his trust account, in violation of section 29 (a) (4) of rule 23 of the Indiana Rules for Admission to the Bar and the Discipline of Attorneys.

The Indiana Supreme Court suspended the respondent for 60 days, effective September 11, 2006, and provided for readmission at the end of that term subject to a period of probation of 12 months, subject to designated conditions. These included the respondent's retention of the services of a professional accountant to review his trust account and certify his compliance with the Indiana Rules of Professional Conduct and the Indiana Rules for Admission to the Bar and the Discipline of Attorneys, and the submission by his accountant of a monthly certification to the Commission that the respondent is in full compliance with the trust account rules. If the respondent failed to comply with the above conditions, he would be subject to suspension for the remainder of the probationary period and required to petition the court for reinstatement.

The respondent was reinstated to the Indiana bar on November 17, 2006.

Although served with the notice pursuant to 22 NYCRR 691.3 on July 10, 2007, in Wabash, Indiana, the respondent has neither asserted any of the enumerated defenses nor requested a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

By opinion and order of this Court dated June 25, 2001, the respondent was publicly censured as a result of a previous disciplinary proceeding based on charges of failure to cooperate with the Grievance Committee, failure to reregister with the Office of Court Administration (hereinafter OCA), and failing to notify OCA of his change of address.

Based on the nature of the misconduct for which he was suspended in Indiana, the respondent is suspended in New York for two years.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Michael Jay Smith, is suspended from the practice of law for a period of two years, commencing January 28, 2008, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael Jay Smith, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Jay Smith, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).